QUINN *v.* PORTSMOUTH.

By the statute (G. L., c. 46, s. 15) the power of removing constables, police officers, and watchmen is made commensurate with that of appointment.

Assumpsit, for services as police officer, constable, watchman, and patrolman, from December 1, 1885, to March 1, 1886. Facts found by the court.

In October, 1885, a petition for the "appointment of additional watchmen to patrol in the business part of the city, while the difficulty of obtaining insurance on stocks of goods and other property continued," was, by vote of the board of aldermen, "referred to the committee on police with power." That committee was then composed of O. H. Cook, chairman, and two others. Soon afterwards Cook, without consulting the other members of the committee, asked the plaintiff if he would like the place of fire patrol. The plaintiff said he would; and Cook told him to go on duty, which he did. The other members of the committee afterwards learned of Cook's action, and did not object.

The matter of the appointment of Quinn was never brought before the common council of the city, nor was any ordinance passed relating in any way to the matter. November 27, the mayor, with the assent of the majority of the committee on police, notified the city marshal to order the plaintiff to cease doing duty on and after December 1, 1885, as there was no longer need of his services, and on the same day the city marshal notified the plaintiff accordingly. The plaintiff, notwithstanding the order, continued to do regular duty until January 1, 1886, but performed no services after that time. He was paid for his services to December 1, 1885. February 4, 1886, in board of mayor and aldermen, the bill of the plaintiff, for services in December, was ordered paid by a vote of four to three. The mayor refused to approve the bill.

It was admitted that there has been no vote of the aldermen discharging the plaintiff, and that the matter of the payment of the plaintiff's bill was never before the common council.

The plaintiff claimed that he was never legally discharged, and that he was entitled to pay up to March 1, 1886. The defendants moved for a nonsuit, which motion was denied, and the defendants excepted.

*Geo. E. Hodgdon*, for the plaintiff.

*S. W. Emery*, for the defendants.

Blodgett, J. As to constables, police officers, and watchmen, the statute makes the power of removal commensurate with that of appointment. G. L., c. 46, s. 15. If, therefore, the plaintiff was lawfully appointed a police officer, constable, watchman, and patrolman by the committee on police, he was lawfully removed by that committee before the rendition of the services sought to be recovered in this action, and the vote of the aldermen to pay him for such services was the vote of a gratuity which does not bind the city; and if he was not lawfully appointed, his writ does

not allege any cause of action. Other questions need not be considered.

*Judgment for the defendants.*

CLARK, J., did not sit: the others concurred.